IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
NORTHERN DIVISION

| | |
|---|---|
| LISA TENAGLIA,<br>11640 N. Tatum Blvd., Unit 1020<br>Phoenix, Arizona 85028<br><br>on behalf of herself and others<br>similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE FEDERAL SAVINGS BANK<br>300 North Elizabeth St., Floor 3e<br>Chicago, Illinois 60607<br>(Cook County)<br><br>    Defendant. | Case no.: 20-cv-1898<br><br>Jury Trial Demanded |

## COMPLAINT
### Collective Action under Fair Labor Standards Act

**COMES NOW**, the Plaintiff Lisa Tenaglia, on behalf of herself and all others similarly situated, and brings this action against Defendant The Federal Savings Bank for damages and other relief as follows:

### NATURE OF ACTION

1. Plaintiff brings this collective class action under § 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Plaintiff alleges on behalf of herself and other current and former employees of Defendant whose primary job duty is collection and organization of documents related to the mortgage application process for Defendant's potential or existing customers (*i.e.,* "loan processors"), and who elect to consent to join this action pursuant to §216(b) of the FLSA, that said persons are entitled to unpaid overtime wages for all hours worked in excess of forty for any given workweek, liquidated damages, costs, and attorneys' fees.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 for the claims being brought under the FLSA. This Court has personal jurisdiction over the Defendant as its principal place of busines is located at 300 N. Elizabeth Street, Floor 3e, Chicago, Cook County, Illinois.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), inasmuch as the Defendant is a "resident" of the Northern District of Illinois as set forth under 28 U.S.C. § 1391(c)(2) because Defendant operates its principal place of busines at 300 N. Elizabeth Street, Floor 3e, Chicago, Cook County, Illinois.

**PARTIES**

4. Defendant The Federal Savings Bank ("Federal Savings") is a federally charterd banking institution (FDIC #35518). Its Chairman and Chief Operationg Officer is: John Calk, 300 N. Elizabeth Street, Floor 3e, Chicago, Cook County, Illinois. Defendant's principal place of business is also located at this address.

5. Defendant is engaged in interstate commerce by, among other things, selling mortgage loans and other financial products at its office locations throughout the United States. According to its website, Defendant operates thirty-one (31) mortgage loan offices located in twenty (20) states including three located in Chicago, Lake Forrest, and Oakbrook, Illinois.[1] Upon information and belief, Defendant's gross annual sales made, or business done, has been $500,000 per year or greater at all relevant times.

6. Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).

---

[1] https://www.thefederalsavingsbank.com/about/our-locations

7. Plaintiff Lisa Tenaglia currently resides in Phoenix, Arizona. Plaintiff performed all job duties set forth herein as a "loan processor" employee of Defendant at its office located at 8800 N. Gainey Center Drive, Ste. 200, Scottsdale, Arizona.

8. Plaintiff brings this action on behalf of herself and other similarly situated employees pursuant to 29 U.S.C. § 216(b). Plaintiff and others similarly situated are individuals who were, or are, employed by Defendant, and perform the same primary job duty as Plaintiff sets forth below, are paid a set salary regardless of hours worked, worked in excess of forty hours in any given workweek, were not paid any overtime for hours worked over forty per workweek, and are/were employed by Defendant throughout the United States during the three year applicable statutory period under the FLSA.

9. Plaintiff and others similarly situated who were employed by Defendant are current or former "employees" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

**FACTUAL ALLEGATIONS**

10. Defendant, among other things, sells mortgage products to customers throughout the United States from its thirty-one (31) mortgage loan offices located in twenty (20) states. Defendant's website states, "As a federally-chartered bank, our bankers are licensed to originate loans in all 50 states. That means that even if The Federal Savings Bank does not have a physical location where you live, we still can meet your mortgage and banking needs. We are proud that through safe and sound lending practices, The Federal Savings Bank has grown from just 9 employees in 1 office to more than 1,000 employees throughout 35 offices nationwide!"[2]

---

[2] *Id.*

11. On or about November 25, 2019, the Plaintiff Tenaglia began working for the Defendant as a loan processor with the job title of Underwriting Analyst at its office located at 8800 N. Gainey Center Drive, Ste. 200, Scottsdale, Arizona. She maintained this position with Defendant through on or about March 4, 2020.

12. In her employment with Federal Savings as an Underwriting Analyst, the Plaintiff's primary job duty is the collection and organization of documents related to the mortgage loan application, review collected documents. The Loan Quality Analyst's primary job duty is the opening of new files and gathering initial documents, ordering necessary documents (*e.g.,* payoff, insurance, title documents). The Closing Analyst's primary job duty is reviewing all paperwork and verifying figures, calculating final figures to assist in the closing process. All of this work is done on behalf of Defendant's potential or existing customers. Persons performing this type of work are often referred to as "loan processors" in the mortgage industry (all three positions hereafter collective referred to as "loan processors").

13. As a loan processor, the Plaintiff was paid a set salary regardless of hours worked, was eligible for nondiscretionary bonuses for files worked on and "closed," routinely worked in excess of forty hours per workweek, and was not paid any overtime for hours worked over forty per workweek. Throughout all the weeks of her employment (excluding weeks of national holidays or weeks where sick/personal/vacation days were taken), the Plaintiff estimates that she worked on average 65 hours per week.

14. Numerous other loan processors employed by the Defendant at its mortgage office locations are "similarly situated" to Plaintiff in that they perform the same primary job duties as Plaintiff set forth above, are paid a set salary regardless of hours worked, are eligible for nondiscretionary bonuses for files worked on and "closed," worked in excess of forty hours

4

in any given workweek, and were not paid any overtime for hours worked over forty per workweek.

15. Regardless of location, the Defendant classified Plaintiff, and all similarly situated employees, as exempt from overtime compensation under the FLSA's "administrative exemption" (as defined under 29 C.F.R. § 541.200, *et seq.*).

## COUNT I
## FLSA COLLECTIVE ACTION

16. Plaintiff, on behalf of herself and others similarly situated, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

17. Plaintiff files this action on behalf of herself and all others similarly situated. The proposed Collective Class for the FLSA claims is defined as follows:

> All employees of Defendant who work(ed) in the position of loan processors (a/k/a Underwriting Analyst, Loan Quality Analyst, Closing Analyst) with the primary job duties and pay structure set forth in ¶¶ 12-14, *supra*, who work(ed) for Defendant within three years of this filing (hereafter the "FLSA Collective").

18. During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for their overtime hours worked in violation of the FLSA.

19. Plaintiff and the FLSA Collective are similarly situated in that they all have the same primary job duties set forth above, are all subject to Defendant's same corporate policies/procedures/practices of classing loan processors as exempt from overtime under the FLSA and failing to pay overtime for hours worked in excess of forty per workweek, all of which is in violation of the FLSA.

20. Defendant is liable under the FLSA, 29 U.S.C. § 201, *et seq.*, for failing to properly compensate Plaintiff and the FLSA Collective for overtime equal to one and one-half

5

their regular rate of pay for all hours worked in excess of forty per workweek. 29 U.S.C. § 207(a).

21. Plaintiff and the FLSA Collective are victims of Defendant's widespread, repeated, systematic and consistent illegal policies that have resulted in violations of their rights under the FLSA, and that have caused significant damage to Plaintiff and the FLSA Collective.

22. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for, the fact that its compensation practices were in violation of the FLSA.

23. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered, and will continue to suffer, a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

24. The Plaintiff and the FLSA Collective have suffered from Defendant's conduct set forth herein and would benefit from the issuance of a Court-supervised notice of this lawsuit and the opportunity to join the FLSA Collective Class. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of herself and others similarly situated, pray for relief as follows:

a) Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b) Judgment against Defendant finding it misclassified Plaintiff and those similarly situated as exempt from overtime;

c) Judgment against Defendant for Plaintiff and those similarly situated for unpaid overtime wages as damages;

    d)    An amount equal to their damages as liquidated damages;

    e)    A finding that Defendant's violations of the FLSA are willful;

    f)    All costs and attorneys' fees incurred prosecuting this claim;

    g)    An award of prejudgment interest (to the extent liquidated damages are not awarded);

    h)    Leave to add additional plaintiffs by motion, the filing of consent forms, or any other method approved by the Court;

    i)    Leave to amend to add additional state law claims; and

    j)    All further relief as the Court deems just and equitable.

Respectfully submitted,



*/s/ Brendan J. Donelon*
Brendan J. Donelon, N.D.Ill #43901
4600 Madison, Suite 810
Kansas City, Missouri 64112
Tel:   (816) 221-7100
Fax:  (816) 709-1044
brendan@donelonpc.com

Daniel W. Craig
6642 Clayton Rd., #320
St. Louis, Missouri 63117
Tel:   (314) 297-8385
Fax:  (816) 709-1044
dan@donelonpc.com

ATTORNEYS FOR PLAINTIFFS

Thomas M. Ryan
Law Offices of Thomas M. Ryan, P.C.
35 E. Wacker Drive, Suite 650
Chicago, IL 60601
Tel: 312.726.3400
Fax: 312.782.4519
tom@tomryanlaw.com

Plaintiff's Local Counsel for Service under LR 83.15